**LUTZ APPELLATE SERVICES, INC.**

v.

**Rodney CURRY and Douglas Taylor, Individually and t/a Curry & Taylor.**

Civ. A. No. 94–3985.

United States District Court, E.D. Pennsylvania.

July 28, 1994.

Leslie Weisse, Philadelphia, PA, for plaintiff.

Craig B. Sobel, Philadelphia, PA, for defendants.

### MEMORANDUM

BARTLE, District Judge.

As new technology emerges, the appearance of related legal issues seems never to be far behind. This is such a case. It concerns the prohibitions on the use of the now ubiquitous facsimile ("fax") machine under the Telephone Consumer Protection Act of 1991 ("Act"), 47 U.S.C. § 227.

Plaintiff, Lutz Appellate Services, Inc., filed the present action against a former employee, Rodney Curry, and his business partner, Douglas Taylor, individually and trading as Curry & Taylor. Plaintiff seeks damages for two alleged violations of the Act. The case is currently before the court on defendants' motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A complaint should be dismissed for failure to state a claim only where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). All well pleaded factual allegations in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969).

Plaintiff's complaint alleges that on two occasions, defendants faxed unsolicited messages to Lutz Appellate Services. The first of these messages reads as follows:

### CURRY & TAYLOR

### IS NOW HIRING

### ALL POSITIONS

### CALL TODAY 1–800–222–8738

The second states:

### CURRY & TAYLOR

–APPELLATE SPECIALISTS NEEDED

–GENEROUS PAY STRUCTURE

–EXPERIENCE WELCOME BUT NOT NECESSARY

–CALL 1–800–409–0060 TODAY, ASK FOR BILL

Plaintiff contends that these solicitations from a business competitor seeking to hire away plaintiff's current employees are "unsolicited advertisements" prohibited by 47 U.S.C. § 227.

Section 227(b) states that "[i]t shall be unlawful for any person within the United States ... to use any telephone facsimile machine ... to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b). The statute defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(4).

Defendants argue that the faxed messages do not fall within the statutory definition of "unsolicited advertisements" because they advertise employment opportunities, not defendants' property, goods or services. Plaintiff, however, claims that "[e]mployment is property" and that "to offer employment, as Defendants have done, is to offer property."

Plaintiff's position is without merit. A company's advertisement of available job opportunities within its ranks is not the advertisement of the commercial availability of property. Unless the context indicates otherwise, the words of a statute must be interpreted in accordance with their ordinary meaning. *United States v. Knox,* 32 F.3d 733 (3d Cir.1994). When, for example, an employer places a "help wanted" ad, no one speaks or thinks of it as a property solicitation or an offer of property. Likewise, when an employer hires an employee, no one characterizes the hiring as a property sale, exchange or transaction. Here, the defendants did nothing more than send a "help wanted" ad on two occasions over the plaintiff's fax machine. These transmitted messages are not unsolicited "material advertising the com-

mercial availability or quality of any property, goods or services" within the ordinary meaning of those words of the Act. *See* 47 U.S.C. § 227(a)(4).

Plaintiff contends that "[t]he whole import of the Act is to avoid the abuse of, *inter alia,* facsimile machines to foist unwanted information or communications to [sic] those who do not want it." That, of course, is the purpose of this Act as far as it goes. However, Congress clearly did not prohibit fax transmissions of all unsolicited information or communications, and there is some question whether it could do so constitutionally.[1] *See generally City of Cincinnati v. Discovery Network,* — U.S. —, 113 S.Ct. 1505, 123 L.Ed.2d 99 (1993); *Destination Ventures, Ltd. v. F.C.C.,* 844 F.Supp. 632 (D.Or.1994); *Lysaght v. State of New Jersey,* 837 F.Supp. 646 (D.N.J.1993).

Plaintiff's redress, if any, lies elsewhere. No matter how sympathetic plaintiff's case may be, the court may not rewrite the Telephone Consumer Protection Act to enjoin or penalize behavior not prohibited by Congress. Plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted.

---

1. None of the parties here has raised the issue of the constitutionality of the Act.